UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM NEWEL BROCKBRADER,<br><br>Defendant. | Case No. 1:12-cr-00156-BLW<br><br>AMENDED MEMORANDUM DECISION AND ORDER |

The Court has before it Defendant William Newel Brockbrader's Motion for Release Pending Appeal (Dkt. 217). Brockbrader is incarcerated at SeaTac Federal Detention Center. His anticipated release date is September 12, 2014. The underlying case is currently pending in the Ninth Circuit Court of Appeals, case number 13-30093. The parties' opening briefs have been filed. For the reasons set forth below, the Court will deny the motion.

## BACKGROUND

In 1997, Brockbrader pleaded guilty in a U.S. Navy court-martial proceeding to four charges. The offenses were sex offenses and he was sentenced to dishonorable discharge, eleven years of confinement, forfeiture of all pay and allowances, and a pay grade reduction. He was released in 2001, and he was notified that he could be subject to state or territory sex offender registration laws. He registered in Utah in 2001.

Brockbrader moved to Nevada at the end of 2008. In January 2012, Brockbrader moved to Idaho and did not register as a sex offender. On May 16, 2012, appeared before Magistrate Judge Candy Dale. Dkt. 3. The government moved for detention and a temporary order of detention was entered. Dkts. 4, 8. Brockbrader initially waived a detention hearing, and an order of detention was filed on May 18, 2014. Dkt. 12.

Brockbrader was indicted on June 13, 2012. Dkt. 14. On June 19, 2012, Brockbrader filed a motion for release from custody. Dkt. 17. After a hearing on June 21, 2012, Magistrate Judge Ronald Bush released Brockbrader on specified terms and conditions, including electronic monitoring as required by 18 U.S.C. § 3142(c)(B)(xiv). Dkt. 20, 22.

On August 14, 2012, Probation filed a pretrial release petition alleging that Brockbrader had violated the conditions of his pretrial release. Dkt. 52. After a hearing on August 20, 2012, Judge Bush found that Brockbrader had violated the terms of his pre-trial release and ordered him detained pending trial. Dkt. 56. Brockbrader did not avail himself of the right to review by the district judge of the magistrate judge's order of detention, as permitted under 18 U.S.C. § 3145(b). He remained in custody pending trial.

Brockbrader was found guilty of violating the SORNA after a jury trial concluding on December 5, 2012. Dkt.139. Following his conviction, Brockbrader moved for release from custody pending sentencing, which the government opposed. A hearing was held on December 19, 2012, before Judge Bush.

Judge Bush denied the motion, Dkt. 155, explaining his reasons on the record. Exhibit 2, Dkt. 218 at 17-24. Those reasons included:

1. Brockbrader violated the conditions of his pretrial release by using alcohol, lying to his pretrial services officer about whether he used alcohol, failing to maintain his location monitoring equipment in order, traveling outside the designated geographic areas to which he was limited, and failing to reside with his third-party custodian as ordered. *Id.*

2. The Court questioned Brockbrader's credibility, finding he lied when he testified about being involved in military activities in the Middle East when he was in a penal facility operated by the Navy. *Id.*

3. The Court also noted its concerns about the details of Brockbrader's underlying offense, which the Court had not known when it initially set the conditions of Brockbrader's release. Brockbrader had claimed publicly that the underlying sex offense involved consensual relationship with a 16-year-old girl; the girl, however, was his ex-wife's younger sister, and he began sexually abusing her when she was 12 years old, and this continued until she was 16 years old.

4. The Court also found that Brockbrader's history of failing to appear for court suggested that Brockbrader did not think it was important to show up for further proceedings in criminal court.

Based on these reasons, Judge Bush found that Brockbrader had failed to present clear and convincing evidence that he was (1) not a risk for flight, and (2) not a danger to the safety of any other person or the community if released. Accordingly, the court denied the motion for release pending sentencing. *Id.* at 24. Brockbrader did not seek

review of Judge Bush's decision by this Court, as he could have under 18 U.S.C. § 3145(b).

On March 28, 2013, this Court sentenced Brockbrader to thirty months incarceration, followed by ten years of supervised release, and a fine of $10,000. At his sentencing hearing before this Court, Brockbrader did not raise the question of his release pending appeal.

On April 11, 2013, Brockbrader filed a notice of appeal of the Amended Judgment of Conviction. Again, he did not raise the question of his release pending appeal until he filed a motion with the Ninth Circuit, on June 20, 2014. On June 23, 2014, the Ninth Circuit denied Brockbrader's motion for release pending appeal without prejudice to renewal, if necessary, following presentation of the motion to the district court. On June 26, 2014, Brockbrader filed in this Court the same motion for release as he had filed in the Ninth Circuit on June 20, 2014.

## LEGAL STANDARD

In order to be released pending appeal, a defendant must demonstrate that he meets certain statutory requirements: (1) that he does not pose a flight risk or danger to the community; (2) that the appeal is not for purposes of delay; and (3) that the appeal raises a substantial question of law that is likely to result in reversal, an order for new trial, a sentence of no imprisonment, or a sentence reduced to a term of imprisonment less than the time expected for the duration of the appeal. 18 U.S.C. § 3143(b); *see also U.S. v. Handy*, 761 F.2d 1479 (9th Cir. 1985). The defendant bears the burden to overcome the

presumption that he should be detained while his appeal is pending. *United States v. Montoya*, 908 F.2d 450, 451 (9th Cir. 1990).

## ANALYSIS

The government argues that Brockbrader waived his right to seek his release pending appeal because he failed to appeal Judge Bush's decision denying his motion for release pending sentencing. While the government is correct that Federal Rule of Criminal Procedure 59(a) does impose a 14-day limit for appealing a magistrate judge's decision, the Court is not sure whether Brockbrader's failure to appeal the motion for release pending sentencing waived his right seek his release pending appeal. The Court, however, need not address this issue because it finds that Brockbrader fails to prove that he is not a flight risk nor a danger to any person or the community.

As noted above, Judge Bush found that Brockbrader violated the conditions of his pretrial release by using alcohol, lying to his pretrial services officer about whether he used alcohol, failing to maintain his location monitoring equipment in order, traveling outside the designated geographic areas to which he was limited, and failing to reside with his third-party custodian as ordered. This does not bode well for him in requesting his release pending appeal. The Court, like Judge Bush, also has concerns regarding Brockbrader's credibility. Brockbrader lied about his previous whistleblowing activities and the nature of his underlying offense. The Court finds no reason to believe that Brockbrader would now abide by any conditions of release that the Court would impose.

For these reasons, the Court finds that Brockbrader has failed to present clear and convincing evidence that he is (1) not a risk for flight, and (2) not a danger to the safety

of any other person or the community if released. The Court also questions whether Brockbrader has raised a substantial question of law that will likely result in reversal. The Court will therefore deny Brockbrader's request for release pending appeal.

## ORDER

Defendant William Newel Brockbrader's Motion for Release Pending Appeal (Dkt. 217) is DENIED.

DATED: August 29, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court